UNITED STATES DISTRICT COURT  FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

CLARET HEDO,

        Plaintiff,                                          MEMORANDUM
                                                                AND ORDER
                                                                08-CV-2346 (JG) (RML)

        -against-

FREEMONT INVESTMENT AND LOAN, et al.,

        Defendants.
-----------------------------------------------------------x

A P P E A R A N C E S :

        CLARET HEDO
            88-05 80th St.
            Woodhaven, NY 11421
            Plaintiff, *Pro Se*

        CHARLES CAPETANAKIS
            Davidoff Malito & Hutcher LLP
            605 Third Avenue.
            New York, NY 10158
            Attorneys for Respondent Stephen Malito

JOHN GLEESON, United States District Judge:

        Plaintiff Claret Hedo has filed a complaint asserting numerous causes of action arising from a foreclosure proceeding involving a property in Queens. Defendant Stephen Malito, who served as the referee in the foreclosure proceeding, moves for dismissal of the complaint, alleging that this court lacks subject matter jurisdiction and that he has absolute judicial immunity from Hedo's suit. For the reasons that follow, I dismiss the complaint against Malito for lack of subject matter jurisdiction.

BACKGROUND

Hedo's claims arise from foreclosure proceedings involving the property known as 88-05 80th Street located in Woodhaven, New York ("the property"). Documents attached to Hedo's complaint suggest that she acquired an interest in the property on March 14, 1997. Pl.'s Compl., Unlabeled Ex.[1] A deed submitted with Malito's motion indicates that Hedo conveyed her interest in the property to one Emmanuel Wassah on June 23, 2003. Def.'s Mot. to Dismiss Ex. C. Subsequently, Fremont Investment & Loan filed an action to foreclose on the property, naming Sean Jordan, among others, as a defendant. In September 2007, the New York Supreme Court appointed Stephen Malito as the referee in the foreclosure action. *Id.* Ex. B. On February 14, 2008, Malito submitted an affidavit to the court stating that the property had been sold to Fremont, the highest bidder, for an amount equal to the amount due on the mortgage. *Id.* Ex. E.

On June 11, 2008, Hedo, proceeding pro se, filed a complaint requesting that this Court stay a "holdover eviction judgment" allegedly scheduled for June 12, 2008. Pl.'s Compl. Hedo's filing alleges that Sean Jordan (who has not yet been served in this action) fabricated a deed to the property, forcibly entered the property, harassed and injured Hedo, and fraudulently conveyed the property. She asks this Court for an order "revoking, repudiating cancelling, nullifying and overturning Defendant Sean Jordan's Sale/Purchase of this property." *Id.*

On July 18, defendant Stephen Malito filed a motion to dismiss Hedo's suit as to him. He argues that, as the state-appointed referee in the foreclosure sale of the property, he has absolute judicial immunity for claims arising from his conduct in that sale. He also argues that Hedo has failed to establish subject matter jurisdiction, and has failed to state a claim as to him. Hedo filed no response to Malito's motion. Hedo did not appear at the September 5 oral

---

[1] Because the pages of Hedo's complaint and its attachments are not numbered, I am unable to provide pincites.

argument on Malito's motion, and the phone number she previously provided to the court has been disconnected.

DISCUSSION

A. *Subject Matter Jurisdiction*

"[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived. Moreover, courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (internal citations and quotation marks omitted).

"A plaintiff properly invokes [federal question] jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States. *Id.* at 513. "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998). Hedo's is such a claim.

On the cover sheet attached to her complaint, Hedo asserts that her suit presents a federal question. However, she has left blank the space on which she could indicate the "U.S. Civil Statute" under which she is filing. She suggests below this space that her case is a "bankruptcy matter," but there is no indication that she seeks to appeal any judgment or order of a bankruptcy court, nor does it appear that Malito or any other defendants in this case were involved in Hedo's prior bankruptcy proceedings. In addition, although the cover sheet names Stephen Malito as a defendant, the remainder of her complaint does not even mention Malito,

much less allege that he has somehow violated federal law in a way that is cognizable in this court. This failure to plead a federal question is accentuated by the fact that Hedo's complaint, while vague and disjointed, does seem to raise colorable state law claims, and even cites New York statutes several times. As to federal law, conversely, the complaint is completely silent. Even under the liberal construction I am required to give to the pleadings of pro se litigants, *see In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008), I find that Hedo has failed invoke this court's jurisdiction by pleading a colorable federal claim against Malito.

## CONCLUSION

For the reasons stated above, Malito's motion is granted, and Hedo's complaint is dismissed as to defendant Malito for lack of subject matter jurisdiction.

So ordered.

JOHN GLEESON, U.S.D.J.

Dated: Brooklyn, New York
      September 5, 2008